STRAFFORD.

---

PAGE *v.* HODGDON *& a.*

An oral agreement of two land-owners for the division and maintenance
of a partition fence for the season, executed by one of them and not
rescinded, is valid.

CASE.   In 1883 the parties owned and occupied adjoining past-
ures, and by a parol agreement divided their partition fence for
the season.   The plaintiff performed his part of the agreement;
but, in consequence of the defendants' neglect to repair their part
of the fence, the plaintiff's horse escaped into the defendants' past-
ure, fell into a ditch, and died.   The court ordered judgment for
the plaintiff, and the defendants excepted.

*Copeland & Edgerly*, for the defendants. By the common law, the defendants were not bound to build any partition fence, and the plaintiff was bound to keep his horse on his own land. The fence duties of the owners of adjoining lands depend upon the statute. Partition fences are, in law, undivided, unless a division is made in a statutory method by written and recorded agreement, prescription, or decision of fence-viewers. The statute does not provide for a division by parol.

*Worcester & Gafney*, for the plaintiff, cited *York* v. *Davis*, 11 N. H. 241, and *Hitchcock* v. *Tower*, 55 Vt. 60.

Doe, C. J. The agreement of the parties, dividing the fence for the season. included an implied stipulation that each should maintain the part accepted by him. By the common law of New Hampshire, established by common custom and understanding, the unrescinded, oral contract, executed by one party, bound the other. The statute of fences does not expressly prohibit a parol division for the season; and the construction of the statute, settled by long usage, is, that it does not relieve the defendants from liability for the damage caused by the non-performance of their agreement.

*Exception overruled.*

Blodgett, J., did not sit: the others concurred.